**UNITED STATES of America**

v.

**Antonio GIRALDI, et al.**

Misc. No. B–94–012.
Formerly No. B–93–028.

United States District Court,
S.D. Texas,
Brownsville Division.

June 16, 1994.

Hugh Lowe, Osborne, Lowe, Helman & Smith L.L.P., Austin, TX, for movant.

### FINAL ORDER

VELA, District Judge.

Before the Court is the *Brownsville Herald's* and Dane Schiller's (collectively the "Herald") Motion to Dissolve Order Prohibiting Juror Interviews. The Herald brings this motion as an organization engaged in the business of gathering and disseminating news, arguing that the Order at issue undermines the Herald's news-gathering abilities.

The Court issued its Order Prohibiting Juror Interviews from the bench on June 2, 1994, at the conclusion of the above-styled case. The Order prohibited interviews of jurors in the *Giraldi* case by attorneys, journalists, and others without prior permission from the Court.

■ While the Court acknowledges the sacrosanct First Amendment protections afforded our free press, the Court also recognizes its responsibility to its dutiful jurors and to the larger system of justice. The Court bears the burden of preventing substantial threats to the administration of justice and preserving the jurors' entitlement to privacy and to protection against harassment even after the trial. *See U.S. v. Harrelson,* 713 F.2d 1114, 1117 (5th Cir.1983). In this spirit, the Court has broad discretion to provide appropriate protection for jurors against harassment—not only from overzealous journalists, but also from interested players in the criminal enterprise at issue. *Id.* And the Court's power to prevent harassment of jurors does not end upon the case's termination. *Id.* (citing *In re Express–News Corp.,* 695 F.2d 807 (5th Cir.1982)).

After a trial lasting nearly four weeks, Defendants Antonio Giraldi and his assistant Lourdes Reategui were convicted for, among other things, laundering the proceeds of drug sales by the Juan Garcia Abrego drug syndicate. In the trial, the Government was required to prove the illegal nature of the laundered funds through a litany of witnesses and confidential informants intimately linked to the Abrego organization. Those witnesses provided unprecedented trial testimony exposing the operations and character of the Abrego organization. Clearly, their testimony, together with the ultimate convictions, dealt a serious blow to the Abrego syndicate and provided possible bases for future indictments and convictions. However, while the *Giraldi* case was significant, it is but one in a series of convictions in this Court emanating from the Abrego network.

Juan Garcia Abrego has crafted a broad, insidious drug trafficking network, reaping billions of dollars annually from the transportation and sale of marijuana and cocaine from Mexico and South America to several locales within the United States. Through evidence adduced during many prior trials involving players at all levels of the Abrego network, it is also known that the Abrego organization trades on murder and intimidation, purveying violence on both sides of the U.S.–Mexico border.

■ Thus, the Court possesses a learned awareness of its obligation to provide special protection to jurors involved in this case. To provide unimpeded media access to the jurors would be a dereliction of the Court's duty. Ample evidence reveals that the danger of exposing jurors to publicity is real and to be taken seriously. Further, every juror in the case at issue resides near the international border with Mexico, the base of the Abrego ring. And, while the Court recognizes the limitations upon its ability to protect the jurors, it must provide those minimal protections at its disposal. For, not only are the personal interests of the *Giraldi* jurors directly implicated by the profound dangers posed by the Abrego organization, but our larger pursuit of justice stands threatened as well.

THEREFORE, the Court **ORDERS** that the Herald proceed pursuant to the following procedure in its pursuit of juror interviews pertaining to the *Giraldi* case:

(1) The Court will immediately, by certified mail, notify all jurors in writing by the letter which is attached hereto of the Herald's wish to interview them regarding the *Giraldi* case.

(2) The Court will inform jurors of their right to speak to the Herald regarding the *Giraldi* case, as well as their right to forego such an interview.

(3) The Court will cautiously inform all jurors of the inherent risks in publicly commenting on their verdict in a case of this nature. However, in order to mitigate undue alarm, the Court will clearly indicate that it is aware of absolutely no threats, either explicit or implied, against any member of the jury.

(4) Jurors will be provided a self-addressed, stamped envelope and an enclosed "consent card" upon which they may indicate their willingness or unwillingness to participate in an interview. Jurors will be required to respond to the Court's inquiry within three days of receipt of the writing.

(5) Upon receiving responses from all jurors, the Court will immediately provide the Herald a list of those jurors who have consented to an interview.

The Court notices that the appropriate relief sought by Movant should be filed as a Miscellaneous Cause for among other reasons, the preservation of the right to an appeal independent of the Criminal Cause.

It is therefore ORDERED that the Clerk remove all relevant matters from the former file and now cause them to become a part of Miscellaneous Cause No. B–94–012.

Upon the payment by Movant of the One Hundred Twenty Dollar ($120.00) filing fee mandated by U.S.C. 28 Section 1914(a), this order becomes a Final Order and is subject to appeal.